Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0975 | **DATE** | 4-2-2010 |
| **CASE TITLE** | Germin Sims (#2009-1016129) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

*Suzanne B. Conlon*

■ [For further details see text below.]                                   Docketing to mail notices.

---

### STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received constitutionally inadequate health care from Defendant Cermak Health Services after he cut his fut on a rusty drain in the floor. Plaintiff has filed his second amended complaint, naming only Cermak Health Services/health Care as a Defendant.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Initially, although Plaintiff was given three chances to do so, he has failed to name a suable entity. Plaintiff names only Cermak Health Services as a Defendant. However, Cermak Health Services is dismissed from this action because it is not a suable entity. *See Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

Further, in order to state a cause of action for deliberate indifference to a serious medical need, Plaintiff must allege: 1) an objectively serious medical condition; 2) the defendants knew of the condition and were deliberately indifferent to treating him; and 3) the indifference caused the plaintiff some injury. *Gayton v. McCoy*, (No. 08 C 2187) 2010 U.S. App. LEXIS 1937 *24(7th Cir., January 28, 2010). While Plaintiff has arguably successfully pleaded the first element, as stated above he fails to name a suable entity. More fatally, however, he fails to plead that the alleged indifference caused injury. He alleges in his second amended complaint that he cut his foot on a rusty drain, that he received treatment, albeit treatment that he was unhappy with, and finally, that although he was prescribed an antibiotic, he never received it. (See Plaintiff's complaint, p. 4 of 6). He never claims any cognizable injury because of the alleged indifference. Consequently, Plaintiff fails to state a cause of action for deliberate indifference.

**(CONTINUED)**

| | AWL |
|---|---|

## STATEMENT (continued)

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

Suzanne B. Conlon